## WILL HARRISON v. THE STATE.

### No. 2266. Decided February 13, 1901.

**Theft by Conversion by Bailee—Charge of Court.**

See opinion for facts stated upon which it is held that the contract with regard to the mules, alleged to have been converted, was a contract of hiring, and that the court erred in restricting the consideration of the jury in its charge to a conversion of borrowed property.

APPEAL from the District Court of McLennan. Tried below before Hon. SAM R. SCOTT.

Appeal from a conviction of theft by conversion by bailee; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Cunningham & Crain,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft by conversion, under article 877, Penal Code, and given two years in the penitentiary. The indictment charged the acquisition of the property from T. C. Westbrook under a contract of hiring and borrowing, etc. The evidence discloses that appellant hired from Westbrook two mules under the following circumstances: Westbrook owned some unbroken mules, and turned them over to appellant, to be trained for service by him. This occurred in the early part of July, 1897. The mules were to be retained by appellant until made gentle, and were to be returned by September, 1898. Appellant kept the mules and worked them until the early spring of 1898, when he disposed of them. The court restricted the consideration of the jury to that phase of the statute which denounces a punishment for the conversion of borrowed property. In the motion for new trial exception was reserved to this phase of the charge because there were no facts justifying it—that the evidence alone suggested a contract of hiring. The same question is raised in an attack upon the sufficiency of the evidence to support the conviction. The motion for new trial should have been granted. This was not a contract of borrowing. The evidence does not support that phase of the statute. It is clearly a contract of hiring. This question was discussed and decided in Neel v. State, 33 Texas Criminal Reports, 408. The judgment is reversed and the cause remanded.

*Reversed and remanded.*